In re HAAGER et al.

(Circuit Court, S. D. New York. June 22, 1893.)

CUSTOMS DUTIES—TARIFF ACT OF OCTOBER 1, 1890—DOTTED SWISSES AND FIGURED SWISSES, OR SWISS SPOTS AND SWISS SPRIGS.

Cloths composed of cotton, bleached, ornamented with dots, spots, sprigs, or other figures of cotton that were made in the cloth, in a loom, simultaneously with the manufacture of the cloth, by means of bobbins which operated such times, while the shuttle was weaving the cloth, as the pattern required the production of such figures, and commonly known as "Dotted Swisses" and "Figured Swisses," or "Swiss Spots" and "Swiss Sprigs," are not dutiable at the rate of 60 per cent. ad valorem, as embroideries or as articles embroidered, under the provision for embroideries or articles embroidered contained in paragraph 373 (Schedule J) of the tariff act of October 1, 1890, (26 Stat. 594,) nor, though containing exceeding 100 threads, and not exceeding 150 threads, to the square inch, counting the warp and filling, and valued at over 10 cents per square yard, are they dutiable at the rate of 40 per cent. ad valorem, as cotton cloths, bleached, containing such number of threads so counting, and valued at so much per square yard, under the provision for such cotton cloths contained in paragraph 346 (Schedule I) of the same tariff act, (26 Stat. 591,) but are dutiable at the rate of 40 per cent. ad valorem as manufactures of

cotton not specially provided for, under the provision for such manufactures contained in paragraph 355 (Schedule I) of the same tariff act, (26 Stat. 593.)

At Law. Appeal by the collector of customs from a decision of the board of United States general appraisers.

The firm of Albert Haager & Co. imported by the Gascogne, January 5, 1891, by the Bretagne, January 27, 1891, by the Champagne, March 31, 1891, and by the Werkendam, August 6, 1891, from a foreign country into the United States, at the port of New York, certain merchandise, consisting of cloths composed of cotton, bleached, ornamented with dots, spots, sprigs, or other figures of cotton, and commonly known as "Dotted Swisses" and "Figured Swisses," or as "Swiss Spots" and "Swiss Sprigs." This merchandise was classified for duty at the rate of 60 per cent. ad valorem, as embroideries or articles embroidered by machinery, under the provision for "laces * * * embroideries * * * and articles embroidered by hand or machinery, * * * all of the above-named articles, composed of * * * cotton or other vegetable fibre, or of which these substances or either of them or a mixture of any of them is the component material of chief value, not specially provided for in this act," contained in paragraph 373 (Schedule J) of the tariff act of October 1, 1890, (26 Stat. 594,) and duty at that rate was exacted thereon by the collector of customs at that port.

Against this classification and this exaction the importers duly protested, claiming that this merchandise was not in fact embroidered, and was not known commercially as embroideries; that it was dutiable at the rate of 40 per cent. ad valorem, as manufactures of cotton, under the provision for "all manufactures of cotton not especially provided for in this act," contained in paragraph 355 (Schedule I) of the same tariff act, (26 Stat. 593;) that, if not so dutiable, then that it was dutiable as cotton cloths bleached, colored, etc., according to the number of "threads to the square inch, counting the warp and filling," and the value per square yard, at the respective rates of duty provided for such cloths in paragraphs 344-348, inclusive, (Schedule I,) of the same tariff act, (26 Stat. 591, 592.) Upon the receipt of the importers' protests the collector, pursuant to section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137,) transmitted the invoices of this merchandise, and all the papers and exhibits connected therewith, to a board of three United States general appraisers on duty at that port. The board of general appraisers, having examined the case thus submitted, found, among other things, (1) that this merchandise was not embroideries, or articles embroidered; that its plain or unornamented portions contained exceeding 100, and not exceeding 150, threads to the square inch, counting the warp and the filling, but that this merchandise, not being homogeneous, in that the number of threads in the part of this merchandise containing the dots, spots, sprigs, or other figures was greater than the number of threads in its plain or unornamented portions, was not, under the decision in the case of Robertson v. Hedden, 40 Fed. Rep. 322, countable cotton cloths, within the intent of the aforesaid paragraphs 344-348, inclusive; and the board of general appraisers decided that this merchandise was dutiable at the rate of 40 per cent. ad valorem, as manufactures of cotton not specially provided for under the provisions for such manufactures contained in the aforesaid paragraph 355, as first claimed in the importers' protests.

The collector, being dissatisfied with this decision, applied, pursuant to section 15 of the customs administrative act, to the United States circuit court for the southern district of New York for a review of the questions of law and fact involved therein. In compliance with an order granted upon this application, the board of general appraisers made their return to the said circuit court, and thereafter a large mass of evidence was taken in behalf of the collector and in behalf of the importers.

From the return and the evidence in the case, in addition to the facts already set forth, it appeared that there was a resemblance to embroidery in the dots, spots, sprigs, or other figures on this merchandise; that, according

to the testimony of the great majority of the witnesses in this case, embroidery, as generally known to trade and commerce, was an ornamentation added by means of a needle or needles directed by hand or machinery to a cloth or fabric after the completion of the cloth or fabric, and articles embroidered, as so known to trade and commerce, were articles that had been ornamented by means of a needle or needles so directed; that as far back as February 1, 1857, the treasury department, in its General Regulation issued at that date, (page 565,) under the head of "Embroidery," promulgated the following definition: "The term tamboured or embroidered * .* * can only be properly and safely applied to those fabrics * * * figured or ornamented by the employment of the needle whether directed by the hand or by machinery in the loom or frame; and consequently manufactures * * * figured in the loom or machine which weaves the fabric, as the texture is formed, without the employment of the needle either by hand or mechanical agency are not to be considered as * * * liable to duty * * * as tamboured or embroidered;" that this merchandise was a woven fabric completed in the loom as it appeared in the market,—that is to say, the dots, spots, sprigs, or such other figures that it contained, were made in the cloth, in the loom, simultaneously with the manufacture of the cloth, by means of bobbins which operated at such times, while the shuttle was weaving the cloth, as the design or pattern of the merchandise required the production of such figures, and were not made with a needle or needles directed by hand or machinery; and that, according to the testimony of the great majority of the witnesses in the case, this merchandise was not known to trade and commerce as embroideries, or as articles embroidered.

The evidence further showed that the warp of this merchandise and of other cotton cloths was the threads thereof running continuously from end to end, and the filling, the threads thereof running continuously from side to side, or from selvidge to selvidge; that the threads of the dots, spots, sprigs, or other figures on this merchandise, were not part of either the warp or filling, but were additional to the filling; and that this merchandise contained exceeding 100 threads, and not exceeding 150 threads, to the square inch, counting the warp and filling, and was valued at over 10 cents per square yard. Paragraph 346 (Schedule I) of the aforesaid tariff act (26 Stat. 591) levies a duty of 40 per cent. ad valorem on "all cotton cloth, exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, counting the warp and filling, * * * bleached, valued at over ten cents per square yard."

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for collector,

Contended that this merchandise was dutiable as embroideries, or as articles embroidered, under said paragraph 373, but, if not so dutiable, then that it was dutiable as countable cotton cloths, under said paragraph 346.

Curie, Smith & Mackie, (W. Wickham Smith, of counsel,) for importers.

LACOMBE, Circuit Judge, (orally.) In this case, as to the question whether or not the articles are embroideries, I think the weight of the testimony is overwhelmingly in support of the conclusion reached by the board of general appraisers; and on the other point I am inclined to adhere to the views expressed in the case of Robertson v. Hedden, 40 Fed. Rep. 322, and for that reason shall affirm the decision of the board of general appraisers.